**BOLAN JAHNSEN DACEY**
BY: Thomas R. Walters, Esq.
Attorney ID: 035001990
830 Broad Street, Suite 4
Shrewsbury, N.J. 07702
Tel – 732-212-1200
Fax – 732-212-0404
Attorneys for Plaintiff, Canal Insurance Company

| | |
|---|---|
| CANAL INSURANCE COMPANY, | : UNITED STATES DISTRICT COURT |
| | : DISTRICT OF NEW JERSEY |
| Plaintiff, | : DOCKET NO. |
| | : |
| v. | : |
| | : CIVIL ACTION |
| SIGMA FREIGHT CARRIERS INC., HARJINDER | : |
| SINGH, KAMALJIT KAUR, and interested parties, | : |
| RON ROE III-XXX, JOHN DOE I-XXX, and YYZ | : COMPLAINT |
| CORPORATION III-XXX (Fictitious names), | : |
| | : |
| Defendants. | : |

Plaintiff, Canal Insurance Company ("Canal"), by and through its attorneys, Bolan Jahnsen Dacey, and upon information and belief, hereby submits this Complaint for declaratory judgment pursuant to 28 *U.S.C.* § 2201 *et seq.*:

## THE PARTIES

1.     Plaintiff Canal is an insurance company incorporated under the laws of South Carolina which has a corporate address of 400 East Stone Ave., Greenville, South Carolina.

2.     Upon information and belief, Defendants Harjinder Singh and Kamaljit Kaur are husband and wife, who reside at 17109 Golden Spike Trail, Lathrop, CA 95330.

3.     Upon information and belief, Defendant Sigma Freight Carriers Inc. ("Sigma") is a corporation owned by defendant Kamaljit Kaur and operated by defendants Harjinder Singh and Kamaljit Kaur, and Sigma's corporate residence is also at 17109 Golden Spike Trail, Lathrop, California.

4.      Defendants, Ron Roe III-XXX, John Doe I-XXX and XYZ Corporation III-XXX, are fictitious names corresponding to persons and/or entities who may later be named in this action if determined to be necessary parties.

## JURISDICTION AND VENUE

1.      This court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 *U.S.C.* §1332(a)(2), as plaintiff resides in North Carolina and no defendant is a citizen of the same state as plaintiff.

2.      Upon information and belief, the claims of the underlying plaintiff's estate against these defendants, as described later in this Complaint, involve an amount in controversy in excess of $75,000.

3.      Venue is proper in this court pursuant to 28 *U.S.C.* § 1391 (a)(1) and (2), because the underlying accident occurred in New Jersey, all of the alleged underlying events or omissions occurred in New Jersey, and the defendants conducted business in New Jersey.

## FACTS

1.  This matter arises from a wrongful death action pending in the Middlesex County Superior Court of New Jersey under Docket No. MID-L-006859-18 (the "Underlying Action"). *See* Exhibit A—true copy of Complaint in Underlying Action.

2.  The Underlying Action involves allegations that the underlying plaintiff's decedent, Dmytro Mykulynskiy ("Mykulynskiy"), was at premises located at 2553 Route 130, Suite 3, Cranbury, NJ, when a forklift went off the edge of a loading dock platform, landed on Mr. Mykulynskiy, and caused his death on 11/23/2016.  It is also alleged that an unspecified vehicle was being loaded or unloaded at the dock platform, causing and/or contributing to the fall of the

forklift that struck Mykulynskiy.  The counts in the Underlying Action include Wrongful Death, Survival and Punitive Damages.

3.   The Underlying Action was first reported to Canal on January 8, 2019. Defendants Harjinder Singh and Kamaljit Kaur advised Canal that they leased the subject premises and also sublet the premises to individuals who in turn sublet the premises to co-defendants in the Underlying Action without defendants' knowledge. Defendants Harjinder Singh and Kamaljit Kaur further advised Canal that no truck owned or leased by Sigma Freight was at the New Jersey premises at the time of the accident.

## THE INSURANCE POLICY

1.   Canal issued policy no. PIA08466201 to Sigma effective 04/23/2016 to 04/23/2017 (the "Policy").  A certified copy of the Policy is attached hereto as Exhibit "B".  The Commercial Automobile Coverage provides, in relevant part, as follows:

> Throughout the policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

> **Business Auto Coverage Form, CA 00 01 10 13**, states in pertinent parts:

> **SECTION II. LIABILITY COVERAGE**

> **A. Coverage**

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

> . . .

> We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a

"covered pollution cost or expense" to which this insurance does not apply.

. . .

Under **SECTION V – DEFINITIONS**:

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage."

**B.** "Auto" means:

**1.** A land motor vehicle, "trailer" or semitrailer designated for travel on public roads; or
**2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment."

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.

. . .

**K.** "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

**1.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;
**2.** Vehicles maintained for use solely on or next to premises you own or rent;
**3.** Vehicles that travel on crawler treads;  . . .

. . .

. . .

**N.** "Suit" means a civil proceeding in which:
**1.** Damages because of "bodily injury" or "property damage", or
**2.** A "covered pollution cost or expense";
to which this insurance applies, are alleged. . . .

Furthermore, the Policy contains provisions that limit or preclude coverage in whole or in part, contained in the following **Business Auto Coverage Form, CA 00 01 10 13**, **SECTION II . LIABILITY COVERAGE, B. Exclusions:**

**B.**      **Exclusions**

This insurance does not apply to any of the following:

. . .

**9.** **Operations**
"Bodily injury" or "property damage" arising out of the operation of:

  **a.** Any equipment listed in Paragraphs 6.b. and 6.c. of the definition of "mobile equipment"; or
  **b.** Machinery or equipment that is on, attached to or part of a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

2.      The Canal Policy provides liability coverage only for accidents arising out of the ownership, maintenance or use of a "covered auto". The Underlying Action primarily alleges that Sigma was negligent in: (1) its use of the premises where the accident occurred; and (2) its use of the fork lift. These claims, because they do not arise out of the ownership, maintenance or use of a "covered auto", are not covered by the Canal Policy.

3.      The Underlying Action also alleges that Sigma negligently operated an unspecified tractor-trailer at the loading dock, somehow causing the forklift to fall on Mykulynskiy. The police report does not mention a tractor-trailer, instead solely referring to a forklift, which is deemed "mobile equipment" which is excluded under the Policy provisions cited above. Moreover, defendants informed Canal that they did not have any autos in use at the subject premises on the date of loss, because the premises was subletted by one or more co-defendants in the Underlying Action.

4.      In order for coverage to apply, the damages must result from the ownership, maintenance or use of a covered auto. The Policy provides in relevant part as follows:

ITEM TWO
SCHEDULE OF COVERAGES AND COVERED AUTOS
This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos Section of the Business Auto Coverage Form next to the name of the coverage.

| COVERAGES | COVERED AUTOS** | LIMIT THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS | PREMIUM |
|---|---|---|---|
| LIABILITY | 7, 8, 9 | $ 1,000,000 | $ |

The Policy defines the Covered Autos symbols in relevant part as follows:

### SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each

of your coverages.  The following numerical symbols entered next to a coverage

on the Declarations designate the only "autos" that are covered "autos".

### A.  Description Of Covered Auto Designation Symbols

* * * *

| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
|---|---|---|
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Non-owned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs. |

* * * *

### B.  Owned Autos You Acquire After The Policy Begins

* * * *

2.  But, if Symbol 7 is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a.  We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

    **b.** You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers, Mobile Equipment And Temporary Substitute Autos**:

If Covered Autos Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Covered Autos Liability Coverage:

    **1.** "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

    **2.** "Mobile equipment" while being carried or towed by a covered "auto".

    **3.** Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

        **a.** Breakdown;

        **b.** Repair;

        **c.** Servicing;

        **d.** "Loss"; or

        **e.** Destruction.

5.      Because the tractor-trailer is unknown, if in fact a tractor-trailer was present at all, and Sigma has denied having a tractor-trailer at the premises at the time of the accident, there is no covered auto that could have caused the damages alleged in the Underlying Action. As such, no coverage is owed under the Policy.

6.      The Policy also includes endorsement **IL 35 CW 1013, Punitive Damages Exclusion**:

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
COMMERCIAL GENERAL LIABILITY COVERAGE FORM

With respect to coverage provided by the above Coverage Forms, the provisions of the Coverage Forms apply unless modified by this endorsement.

The policy to which this endorsement is attached is amended by adding the following Exclusion:

This policy does not insure against or provide indemnity for fines, penalties, exemplary or punitive damages or any other type or kind of judgment or award which does not compensate the party benefiting from the award or judgment for any actual "loss" or damage sustained.

This exclusion applies regardless of whether the damages are based upon the "insured's" conduct or the conduct of some other party for whom the "insured" may be legally responsible.

If the exclusion of punitive or exemplary damages is not permitted by the law of the state in which a claim for punitive or exemplary damages is brought, then this exclusion shall limit those damages to the extent permitted by law. In no event shall the total of compensatory and punitive or exemplary damages be payable in excess of the Limit of Insurance provided herein.

This exclusion applies to all coverages under this policy.

7.      Coverage is excluded for Count 3, Punitive Damages, in the Underlying Action Complaint because the damages sought are specifically excluded under the foregoing policy endorsement, **PUNITIVE DAMAGES EXCLUSION.**  The subject accident occurred in the state of New Jersey, thus this endorsement applies as noted to "limit those damages to the extent permitted by law."  Therefore, coverage for the punitive damages claim under the Policy is excluded.

<u>**COUNT ONE**</u>

1.      Plaintiff hereby repeats and incorporates by reference all preceding paragraphs as if set forth herein.

2.      By this action, Canal seeks a declaration that Canal Insurance Policy No. PIA08466201, issued to Sigma for the period of 04/23/2016 to 04/23/2017, does not provide coverage for any claims, crossclaims or third-party claims asserted in the Underlying Action.

**WHEREFORE,** Canal demands judgment against the defendants as follows:

8

A.  Adjudging and declaring that the Policy does not provide coverage for any claims asserted in the Underlying Action and that Canal has no duty to either defend or indemnify any insured for the claims asserted in the Underlying Action; and

B.  Granting such other and further relief as this court deems just and proper.

BOLAN JAHNSEN DACEY
Attorneys for plaintiff

by: _____
THOMAS R. WALTERS

Dated:  September 3, 2019

9